337 S.E.2d 923

**STATE of West Virginia**

v.

**James TAYLOR.**

**No. 16150.**

Supreme Court of Appeals of West Virginia.

Dec. 11, 1985.

686

Ernest M. Douglas, Parkersburg, for appellant.

Harry G. Dietzler, Pros. Atty., Parkersburg, Elizabeth A. Pyles, Asst. Pros. Atty., for appellee.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Wood County, entered April 7, 1983, which sentenced the appellant, James Taylor, to imprisonment in the penitentiary for a term of not less than one nor more than five years upon his conviction by a jury of the crime of delivery of a controlled substance. The appellant's principal contention is that the circuit court erred in denying his motion for a directed verdict of acquittal on the ground that the evidence showed entrapment. We find no error in the judgment of the circuit court, and we affirm.

In October 1982, the Grand Jury of Wood County returned a three-count indictment against the appellant and another individual, Ron Bell, one count of which charged delivery of marihuana, a controlled substance, in violation of W.Va. Code § 60A–4–401(a) [1971]. The appellant's trial on this charge was conducted before a jury in the Circuit Court of Wood County on March 7 and 8, 1983.

The State's principal witnesses at trial were Damon Sloan, an undercover narcotics officer, and Donald Vanatter, a private investigator assisting Sloan. According to

their testimony, they met the appellant and Bell on the evening of July 1, 1982 in a Parkersburg bar. After some initial conversation, the appellant invited Sloan to "get high." The four men left the bar and drove in Sloan's car to a gas station, where the appellant made a call from a telephone booth. The appellant returned to the car and told Sloan "the guy didn't have any or wasn't at home." The appellant then asked Sloan if he wanted to buy some "tea" [phencyclidine]. Sloan told the appellant that he would, but only if he could get some marihuana to go with it since he did not want to inject the drug into his veins. The appellant said that was "no problem," and that he knew someone in Ohio from whom they could purchase marihuana. Sloan then purchased a tinfoil packet, later determined to contain phencyclidine, from Bell, who was sitting in the back seat with Vanatter.

At the appellant's direction, Sloan then drove to a house across the river in Ohio. However, the appellant determined that no one was at home, and Sloan drove back to the bar where he and Vanatter had first met the appellant without having made a purchase. Before leaving the vehicle, however, the appellant reached into his pocket and handed Sloan a bag, later determined to contain $7/10$ of a gram of marihuana, saying "This will be enough to smoke some of that [phencyclidine] with." The appellant did not ask, nor did Sloan offer, payment for the marihuana.

The appellant's principal contention on appeal is that the trial court should have directed a verdict of acquittal because the State's evidence shows that he was entrapped as a matter of law into making the transfer of the marihuana.

■ The doctrine of entrapment was defined in Syllabus Point 3 of *State v. Basham*, 159 W.Va. 404, 223 S.E.2d 53 (1976):

> Entrapment, as a defense to criminal prosecution, occurs where the design or inspiration for the offense originates with law enforcement officers who procure its commission by an accused who

would not have otherwise perpetuated it except for the instigation or inducement by the law enforcement officers.

*See also State v. Ashworth*, 170 W.Va. 205, 292 S.E.2d 615 (1982); *State ex rel. Paxton v. Johnson*, 161 W.Va. 763, 245 S.E.2d 843 (1978). Traditionally, the critical factor in determining whether an accused had been entrapped was whether the unlawful scheme originated with the law enforcement officer or with the accused, a subjective determination which required submission of the issue of entrapment to the jury. *State v. Knight*, 159 W.Va. 924, 230 S.E.2d 732 (1976); *State v. Basham, supra.*

■ Recently, however, we have also recognized that the conduct of a law enforcement officer may be so reprehensible as to warrant the trial court in finding entrapment as a matter of law. In Syllabus Point 4 of *State v. Knight, supra*, we held:

> A trial court may find, as a matter of law, that a defendant was entrapped, if the evidence establishes, to such an extent that the minds of reasonable men could not differ, that the officer or agent conceived the plan and procured or directed its execution in such an unconscionable way that he could only be said to have created a crime for the purpose of making an arrest and obtaining a conviction.

*See also State v. Hinkle*, 169 W.Va. 271, 286 S.E.2d 699 (1982); *State ex rel. Paxton v. Johnson, supra.*

■ The appellant contends that the State's evidence satisfies this objective test because it shows that he was induced to commit the act charged by sympathy for Sloan, who stated that he did not wish to inject the phencyclidine into his veins, rather than by any criminal purpose. We have recognized that a law enforcement agent's appeal to sympathy may constitute entrapment where it generates a motive for committing the offense other than ordinary criminal intent. *See State v. Knight, supra*. Here, however, the State's evidence is such that reasonable minds could differ as to whether Officer Sloan's conduct arose to such an unconscionable level as to con-

**688**

stitute entrapment as a matter of law. Accordingly, we find that the trial court correctly refused to order a directed verdict in favor of the appellant. *See State v. Ashworth, supra.*

■ The appellant also contends that the trial court erred in giving the State's Instruction No. 1–B defining the defense of entrapment.* We note, however, that the instruction used by the State appears to be widely accepted as a correct and complete statement of the law. *See* 1 F. Cleckley, *Handbook on West Virginia Criminal Procedure* I–409 (1985). Accordingly, we

find no reversible error in the giving of this instruction. *See State v. Young,* 173 W.Va. 1, 311 S.E.2d 118 (1983); *State v. Hall,* 171 W.Va. 212, 298 S.E.2d 246 (1982).

For the reasons stated herein, we affirm the judgment of the Circuit Court of Wood County.

Affirmed.

* State's Instruction No. 1–B:

Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers or their agents to commit a crime, he is a victim of entrapment, and the law as a matter of policy forbids his conviction in such a case.

On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that government agents provided what appears to be a favorable opportunity is not entrapment. For example, when the government suspects that a person is engaged in illicit sale of narcotics, it is not entrapment for a government agent to pretend to be someone else and to offer, either directly or through an informer or other deocy [sic], to purchase narcotics from the suspected person. If, then, the jury should find

beyond a reasonable doubt from the evidence in the case that, before anything at all occurred respecting the alleged offense involved in this case, the defendant was ready and willing to commit crimes such as are charged in the indictment, whenever opportunity was afforded, and that government officers or their agents did no more than offer the opportunity, then the jury should find that the defendant is not a victim of entrapment.

On the other hand, if the evidence in the case should leave you with a reasonable doubt whether the defendant had the previous intent or purpose to commit an offense of the character charged, apart from the inducement or persuasion of some officer or agent of the government, then it is your duty to find him not guilty.