375 S.E.2d 582

**STATE of West Virginia**

v.

**Terry Lee HOARD.**

**No. 18193.**

Supreme Court of Appeals of West Virginia.

Nov. 21, 1988.

---

112

Michael E. Froble, Public Defender Corp., Beckley, for Terry Lee Hoard.

Charles G. Brown, III, Atty. Gen., for State.

PER CURIAM:

This is an appeal by Terry Lee Hoard from a jury verdict of the Circuit Court of Raleigh County that found him guilty of petit larceny and breaking and entering. Mr. Hoard was sentenced to ten months in the county jail and fined $500 for petit larceny and sentenced to one to ten years in the penitentiary for breaking and entering, with the sentences to run consecutively. The same jury acquitted Mr. Hoard on charges of conspiracy to commit murder and possession of explosives with criminal intent.

Terry Lee Hoard was part of an alleged conspiracy to kill or blow up the victim, judge, investigating officer and prosecuting attorney in another case concerning a gang rape that occurred in Beckley in 1985. Between May and July 1986, Mr. Hoard and Earnest Walker, later the chief witness against Mr. Hoard, met at the appellant's home with Ricky Ellison and his brother, Samuel Ellison, who were among the defendants in the gang rape case. About July 18, 1986, Mr. Walker allegedly overheard Mr. Hoard and the Ellisons discussing the possibility of getting rid of various persons in the gang rape trial. On July 19, 1986, Mr. Walker reported the conversation to the Raleigh County police. On July 28, 1986, Mr. Walker informed the police that the appellant planned to steal dynamite from W.V. Explosives, Inc. about 10:00 p.m. July 29, 1986 and that the dynamite was to be used against Kristen Keller, the Raleigh County prosecutor in the gang rape case.

On July 29, 1986, a box of dynamite, worth $40.00, was taken from W.V. Explosives, Inc. Alerted in advance by Mr. Walker, the police apprehended Mr. Hoard

and Mr. Walker leaving W.V. Explosives, Inc. with the box of dynamite, a hammer and a crowbar.

Mr. Walker had been providing information to the police since his arrest on January 6, 1986 for breaking and entering and stealing dynamite from W.V. Explosives, Inc. Although both Mr. Walker and the police denied that the information was provided *quid pro quo,* Ms. Keller testified that about July 19, 1986, the felony charges were dropped against Mr. Walker and that she advised Mr. Walker not to keep his defense attorney. In October 1986, Ms. Keller agreed not to pursue the charges against Mr. Walker pending before July 19, 1986.[1]

On appeal, Mr. Hoard contends, *inter alia,* that the trial court denied his right to cross-examine Mr. Walker about his misdemeanors, dismissed cases and pending cases, in violation of the appellant's confrontation rights under the Sixth Amendment to the *Constitution of the United States.* The trial court limited Mr. Walker's cross-examination to his felony convictions and did not permit inquiry into any misdemeanors, dismissed cases or pending cases. Information concerning the dropping of Mr. Walker's pending charges for a similar theft of dynamite was not fully disclosed to the jury.

In Syllabus Point 3, *State v. Woods,* 155 W.Va. 344, 184 S.E.2d 130 (1971), overruled on other grounds, *State v. McAboy,* 160 W.Va. 497, 236 S.E.2d 431 (1977),[2] we stated:

> Questions may be asked of *witnesses* as to convictions, both felonies and misdemeanors in order to test the witness' credibility. (Emphasis added.)

In Syllabus Point 4, *State v. Woods,* 155 W.Va. 344, 184 S.E.2d 130 (1971), overruled on other grounds, *State v. McAboy,* 160 W.Va. 497, 236 S.E.2d 431 (1977), we stated:

> The fact that a witness has been arrested or charged with a crime may be shown or inquired into where it would reasonably tend to show that his testimony might be influenced by interest or bias.

*See also State v. Murray,* 180 W.Va. 41, 375 S.E.2d 405 (W.Va. 1988), specifically n. 5 and citations therein contained. By limiting the cross-examination to Mr. Walker's felony convictions, the trial court did not allow inquiry into Mr. Walker's bias proceeding from expected prosecutorial favor.

Mr. Hoard also contends that his right to effective cross-examination of Mr. Walker was hampered by the failure of the prosecution to provide information concerning Mr. Walker's criminal record. The prosecution provided information concerning only felony convictions and did not include misdemeanors, dismissed cases and pending cases. In Syllabus Point 4, *State v. Hatfield,* 169 W.Va. 191, 286 S.E.2d 402 (1982), we stated:

> A prosecution that withholds evidence which if made available would tend to exculpate an accused by creating a reasonable doubt as to his guilt violates due process of law under Article III, Section 14 of the West Virginia Constitution.

Information on Mr. Walker's plea bargaining and dismissed charges was readily available to the prosecution and could have been evidence of Mr. Walker's bias proceeding from expected prosecutorial favor. We believe that the prosecution's failure to provide this information contributed to the

---

1. The record indicates the following testimony by Ms. Keller about Mr. Walker's other charges:

Q. Now, since that time, as a Prosecuting Attorney in Raleigh County, have you had occasion to show up any court date for Mr. Walker?
A. No. I was the prosecutor who filed and signed the nolle or dismissal order against, I believe it was the grand larceny count against Mr. Walker.
Q. You signed a nolle order on grand larceny?
A. I'm not sure if it was grand larceny. It was whatever charge Mr. Walker had pending against him prior to July 19, 1986.
Q. You nolled that draft?
A. Yes.

2. In *McAboy,* we held that the use of evidence of prior convictions, except for perjury and false swearing, to impeach the credibility of a defendant in a criminal trial would not be permitted. In the present case the credibility of a witness rather than a defendant was at issue.

ineffective cross-examination of the prosecution's key witness.

The confrontation clause of the Sixth Amendment to the *Constitution of the United States,* along with the Fourteenth Amendment, guarantees the right of an accused to confront the witnesses against him. *See State v. Eye,* 177 W.Va. 671, 673, 355 S.E.2d 921, 923 (1987); *State ex rel. Hawks v. Lazaro,* 157 W.Va. 417, 440, 202 S.E.2d 109, 124 (1974); W.Va. Const., art. III § 14. The major purpose of the confrontation clause is to secure for the defendant the opportunity of cross-examination. *Davis v. Alaska,* 415 U.S. 308, 315, 316, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347 (1974).

The present case is similar to a recent U.S. Supreme Court case, *Delaware v. Van Arsdall,* 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) and our recent case of *Eye, supra.* In both cases, the key witness whom defense counsel sought to impeach, had pending criminal charges dismissed. The United States Supreme Court in *Van Arsdall* found the limitation of cross-examination concerning dropped charges to be a violation of the constitutional right of confrontation. The United States Supreme Court then proceeded to apply the harmless error rule. *Id.* at 680–83, 106 S.Ct. at 1436–37, 89 L.Ed.2d at 684–85. In *Eye, supra,* 177 W.Va. at 673, 355 S.E.2d at 924, we held the refusal of the trial court to allow the prosecution's witness to be cross-examined about his possible bias because of dropped charges to be error.

■ In the present case, the appellant was not allowed to cross-examine Mr. Walker, the key witness, as to a possible bias concerning the dropped charges or misdemeanors. This was error and this error was clearly not harmless because the information on the dropped charges might have led the jury to accept the defense's theory of entrapment.[3]

Defendant's remaining assignments of error including (1) single, combined trial for all counts, (2) alleged continued participation after recusal of Office of Raleigh County prosecutor, (3) alleged improper arraignment of Mr. Hoard, and (4) alleged consideration of improper facts in sentencing, relate to matters not vigorously pressed and need not be addressed in light of our reversal on other grounds.

Because the trial court failed to allow complete cross-examination of the prosecution's chief witness, the judgment of the Circuit Court of Raleigh County is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

**3.** The appellant contends that he was entitled to a finding of entrapment as a matter of law. In Syllabus Point 2, *State v. Taylor,* 175 W.Va. 685, 337 S.E.2d 923 (1985), we stated:

"A trial court may find, as a matter of law, that a defendant was entrapped, if the evidence establishes, to such an extent that the minds of reasonable men could not differ, that the officer or agent conceived the plan and procedure or directed its execution in such an unconscionable way that he could only be said to have created a crime for the purpose of making an arrest and obtaining a conviction." Syllabus Point 4, *State v. Knight,* 159 W.Va. 924, 230 S.E.2d 732 (1976).

The court below heard testimony from the appellant's wife and two co-workers that the appellant had discussed or used dynamite before July 29, 1986. Because reasonable minds could differ, the trial court properly submitted the entrapment defense to the jury. On retrial, the trial court should consider whether the complete cross-examination of Mr. Walker shows conduct so reprehensible as to warrant a finding of entrapment as a matter of law.